## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**STEVE SMITH**                                      **CIVIL ACTION**

**VERSUS**                                         **NO.  15-4084**

**WARDEN KEITH DEVILLE**                     **SECTION "H"(5)**

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. § 2254 application for federal *habeas corpus* relief filed by petitioner, Steve Smith.[1] Having determined that this matter can be disposed of without an evidentiary hearing under 28 U.S.C. § 2254(e)(2), it is recommended for the reasons that follow, that the petition for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

I. *Factual and procedural history*

Smith is a state prisoner who is presently housed at the Madison Parish Correctional Center in Tallulah, Louisiana.  On March 30, 2012, Smith pleaded guilty in the Orleans Parish Criminal District Court to the unauthorized use of a motor vehicle (Louisiana Revised Statute 14:68.4), and was sentenced to seven years imprisonment as a second felony offender.  He did not appeal.[2]  Smith indicates in his petition that, on or about June 9, 2014, he filed a motion for

---

[1] Rec. Doc. 3, Petition.

[2] His petition appears to suggest that he attempted to seek review to the Louisiana Fourth Circuit Court of Appeal at some point, although his petition is certainly not a model of clarity in this respect.  (Rec. Doc. 3, p. 2 of 19).  He offers conflicting answers for Question 9 in

reconsideration of the sentence in the state district court, alleging that the sentence was illegal and excessive. Smith notes in his petition that, on June 26, 2014, the state district court denied the motion. He did not seek further review of that decision.

Smith acknowledges that he has not fully exhausted all remedies in the state courts.[3] While he attributes his inability to "awaiting an answer from the state court," he does not refer to any particular motion and his petition actually reflects a negative answer to the question whether he has any petition or appeal pending at this time in any state or federal court. The undersigned has confirmed with staff from the Clerks of Court at both the Louisiana Fourth Circuit Court of Appeal and the Louisiana Supreme Court that neither court has any record of a supervisory writ application or appeal from Steve Smith filed or currently pending.

In his federal application, Smith claims that he did not fully understand his rights at the time he entered his guilty plea and that his sentence is excessive.

II. *Discussion*

Upon the filing of a *habeas* petition, the Court must promptly determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief..." *See* Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the

---

his application regarding whether he appealed from his conviction. He also indicates for Question 15 that he has no petition or appeal now pending in any court, either state or federal. *Id*. at 12. The Court's research reveals no direct appeal by Smith. Furthermore, he has not alleged, in any event, that he presented those claims to the Louisiana Supreme Court.

[3] Rec. Doc. 3, p. 5.

petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *Id*.

A petitioner normally must first exhaust his remedies in the state courts before seeking *habeas corpus* relief from the federal courts.  28 U.S.C. § 2254(b), (c); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (*citing Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).  A federal *habeas* petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims.  *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

Exhaustion is accomplished only when a petitioner has fairly presented his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (requiring state prisoners, in order to fully exhaust their claims, "to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Thus, to exhaust his claims in the state courts, Smith must fairly present the same claims and legal theories he urges in this federal court to the state courts, through the Louisiana Supreme Court, in a procedurally proper manner and provide the state courts with an opportunity to address those claims.

A failure to exhaust may be considered by the federal court *sua sponte*.  *Kurtzemann v. Quarterman*, 306 F. Appx. 205, 206 (5th Cir.2009) (citing *Day v. McDonough*, 547 U.S. 198, 209–10 (2006) (addressing limitations) and *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th

3

Cir.1998) (addressing exhaustion)) (finding that district court may *sua sponte* raise failure to exhaust, and notice of and an opportunity to respond to the exhaustion issue must be given); *see also* 28 U.S.C. § 2254(b)(3) (the State's failure to raise exhaustion is not a waiver of the defense). Having reviewed the pleadings, and given Smith's candid admission, it is clear that he has not raised the claims in a procedurally proper manner to the Louisiana Supreme Court either on direct appeal or post-conviction review, and thus has failed to exhaust available state-court remedies on the claims asserted in his current federal petition.[4]

### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Smith's application for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United*

---

[4] This report and recommendation is notice to Smith that the Court is raising the issue of his failure to exhaust state court remedies *sua sponte,* and that he has the opportunity to submit any evidence or argument concerning exhaustion as part of any objections he may file to this report.

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[5]

New Orleans, Louisiana, this 13th day of October , 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE  JUDGE

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

5